106 F.3d 401
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald T. SMEDLEY, Plaintiff-Appellant,
v.
DUNKIN' DONUTS, INC.; DaSilva Donuts Inc.; DaSilva Donuts
Inc., doing business as Dunkin' Donuts, Inc.;
Arnold DaSilva, Defendants-Appellees.
 No. 96-3307.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1997.
 
 Before: LIVELY, MERRITT, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Ronald T. Smedley appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983 and Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Smedley filed his complaint in the district court alleging that: (1) the defendant doughnut shop owner (DaSilva) became irate as plaintiff spoke with two other patrons of the shop; (2) DaSilva demanded plaintiff leave the shop in an abusive and threatening manner and then called local police; and (3) police arrested plaintiff and transported him to the police station but filed no charges against plaintiff after he signed a release. Plaintiff asserted causes of action under the First, Fourth, and Fourteenth Amendments and the Public Accommodations provision of the Civil Rights Act of 1964, Title II. Plaintiff sued the defendants in unspecified capacities and sought $15,000,000 punitive and compensatory damages.
 
 
 3
 Next, plaintiff moved the district court for a temporary restraining order, which the district court denied. Thereafter, the district court dismissed plaintiff's complaint as frivolous and certified that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a). Plaintiff filed a timely notice of appeal along with a timely Fed.R.Civ.P. 59 motion for relief from the district court's judgment and paid the appellate filing fee. Documents appended to plaintiff's motion for reconsideration reflect that animosity existed between plaintiff and DaSilva apparently based upon race and national origin, and that plaintiff was arrested after he tried to reenter the shop after officers told him not to do so. The district court denied plaintiff's motion for relief from judgment by marginal notation.
 
 
 4
 Upon consideration, the judgment is affirmed because the district court did not abuse its discretion in dismissing plaintiff's complaint. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A complaint is frivolous within the meaning of 28 U.S.C. § 1915(d) where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). In determining whether a claim is frivolous under § 1915(d), a court need not "accept as 'having an arguable basis in fact' all allegations that cannot be rebutted by judicially noticeable facts." Denton, 504 U.S. at 32 (quoting Neitzke, 490 U.S. at 325). However, "plaintiff's factual allegations must be weighted in favor of the plaintiff." Id. Here, the district court did not abuse its discretion in dismissing plaintiff's complaint.
 
 
 5
 Plaintiff's claim under Title II is without basis in law because plaintiff did not allege in his complaint that the individual defendant discriminated against him because of his race, color, religion, or national origin as prohibited under Title II. See Daniel v. Paul, 395 U.S. 298, 301 n. 3 (1969). Moreover, plaintiff sought only money damages in his complaint and only injunctive relief is available under Title II. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 n. 5 (1970); Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968). Accordingly, plaintiff's claim for money damages under Title II is without basis in law.
 
 
 6
 Similarly, plaintiff's claim is without basis in law insofar as plaintiff's complaint can be read as asserting a claim for money damages under 42 U.S.C. § 1983. Defendants did not act under color of state law for purposes of § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-39 (1982). While private actors may be liable under § 1983 if they conspire with a state actor to violate civil rights, Lugar, 457 U.S. at 941; Dennis v. Sparks, 449 U.S. 24, 27-32 (1980), plaintiff makes no claim which could be construed as even a conclusory allegation that defendants conspired with police to discriminate against him. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987). Finally, we note that Congress may have intended to foreclose a § 1983 claim for damages in passing Title II. See Adickes, 398 U.S. at 152 n. 5. Accordingly, plaintiff's claim for money damages is without basis in law under § 1983.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.